No. 480

LEVY v. LEVY OVERALL MFG. CO.

Ohio Appeals, 1st Dist., Hamilton County

No. 2301. Decided Jan. 28, 1924

Docketed in Supreme Court, No. 18609, May 24, 1924, 2 Abs. 321.

313. CORPORATIONS—Receiver of entitled to distribution of proceeds of trusteed life insurance policy, to be administered as assets.

Motion to Certify Overruled

CUSHING, J.

Heard on Appeal.    Epitomized Opinion.
Published Only in Ohio Law Abstract

The board of directors of the Levy Overall Manufacturing Co. passed the necessary reso-

lution to amend its articles of incorporation to increase its capital stock, and issue $100,000 par value, preferred stock. It entered into a contract with A. E. Aub & Co. to sell the preferred stock. It took out four policies of life insurance on the life of Samuel Levy, its president, aggregating $105,000, and paid the premiums thereon. It executed a declaration of trust to the First National Bank of Cincinnati, and had the policies duly assigned to it as trustee to hold and distribute according to said declaration of trust. The instrument of trust and assignment of the policies were dated February 28, 1920. At that time the company was solvent.

December 21, 1921, the company was insolvent. May 27, 1922, a receiver was appointed and June 12, 1922, was directed to wind up its business. Pursuant to an order of court the receiver sold the business as an entirety. The sale was confirmed.

When the 1922 premiums on the policies became due, the trustee was directed to accept the cash surrender value of the policies, and deliver same to the insurance companies. The bank thus received and now has $8,200. The question for determination here is the disposition of said sum. Is it the property of the preferred stockholders, or a part of the assets of the company?

The Code of Regulations of the company, the contract with A. E. Aub & Co., and the declaration of trust all contained the following provision:

"The proceeds of such policies in the event of the death of Samuel Levy, are to be used for the retirement of the preferred stock, and the preferred stock shall be retired in the event of such death, even if the amount collected on said policies does not equal the redemption price of the preferred stock."

The declaration of trust contained the additional provision that:

"In the event of the death of said Samuel Levy, while said preferred stock is outstanding, the policies of insurance are to be collected and the proceeds applied to the redemption of the preferred stock."

The Court of Appeals held that purchasers of the preferred stock will be presumed to have known of the contract with Aub & Co. and provisions stated. The language of the contract is plain and unambiguous, and so far as their rights in said policies are concerned, they must be determined by said contract and declaration of trust.

That neither the code of regulations of the company, the contract, nor the declaration of trust contemplated or attempted to make provision for the retirement of the preferred stock in case of insolvency.

That it was plain that it was in the event of the death of Samuel Levy that the proceeds of the policies were to be collected and applied to the redemption of the preferred stock.

In view of the plain provisions of the contract and the declaration of trust, our conclusion is that the $8,200 should be turned over to the receiver and by him administered as a part of the assets of the company.

Attorneys—Murray Seasongood and L. A. Jaffe, for Samuel Levy; Chas. M. Leslie and H. C. Bolsinger, for the Company; all of Cincinnati.